SANDERS, Justice
(concurring).
In my opinion, the result reached in the instant case is correct.
Although unnecessary for the decision, the majority cites, with apparent approval, the' rule that by marriage a woman loses her maiden surname and takes her husband’s surname as hef legal name. I am unable to agree that marriage has this-effect under the law of Louisiana.
The common law fiction of merger between husband and wife, from which a change of the wife’s legal name arises, has never obtained in Louisiana. Rather, this state has followed the civil law doctrine. After marriage, the legal name of a woman continues tó' be her maiden name, or patronym. The surname of the husband is used only as a matter of custom to indicate the marital status of the wife. See Succession of Kneipp, 172 La. 411, 134 So. 376; 1 McMahon Louisiana Practice p. 147; 1 Planiol, Traite Eléméntaire De Droit Civil (An English Translation by the Louisiana State Law Institute) No. 390.
Accordingly, I concur in the decree.